UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13CR79-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **SECOND PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| v. | ) | |
| | ) | |
| PHANI RAJU BHIMA RAJU, | ) | |
| | ) | |
| Defendant. | ) | |

In the Bill of Information in this case, the United States sought forfeiture of property pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), as proceeds of the crime charged, together with any substitute property, which would be subject to forfeiture under § 853(p). (Doc. No. 1). Defendant entered into a plea agreement; subsequently pled guilty to Counts One through Five in the Bill of Information; and was adjudged guilty of the offenses charged in those counts. (Doc. No. 3: Plea Agreement; Doc. No. 6: Acceptance and Entry of Guilty Plea).

Based on evidence in the record, including the affidavit of Special Agent Deborah A. McColgan, ICE-DHS, the Court found that defendant obtained proceeds of his crimes in the amount of at least $1.5 million and that the sum of $207,706.08 seized from his accounts at Bank of America constitutes a portion of those proceeds. The Court therefore entered a preliminary order, (Doc. No. 9), for a proceeds money judgment of $1.5 million and specific property of $207,706.08.

The government has moved for a second preliminary order pursuant to Fed. R. Crim. P. 32.2(b) and (e)(1), seeking forfeiture of property that is "subject to forfeiture under an existing

order of forfeiture but was located and identified after that order was entered," Rule 32.2(e)(1)(A), or, alternatively, is substitute property under Rule 32.2(e)(1)(B). Specifically, the government has stated that a law firm has inquired about the appropriate disposition of $2,238 remaining from a retainer paid by defendant.

It is therefore **ORDERED**:

1. The following specific property is forfeited to the United States: **the sum of $2,238 held by the firm of Alan Gordon Immigration and Naturalization Law**; provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein under 21 U.S.C. § 853(n).

2. Pursuant to 21 U.S.C. § 853(n) and Rule 32.2(b), the government shall publish as required by law notice of this order and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States shall also send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture, as provided by Rule 32.2(b)(6).

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: October 25, 2013

Robert J. Conrad, Jr.
United States District Judge